# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD BENNETT,  :   | CIVIL ACTION |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| HON. IDEE C. FOX, : | NO. 18-12 |
|     Defendant. : | |

## MEMORANDUM

**LEESON, J.**                                                                      **FEBRUARY 8, 2018**

Edward Bennett, a state inmate currently incarcerated at SCI Dallas, filed this *pro se* action against the Honorable Idee C. Fox of the Court of Common Pleas for Philadelphia. Mr. Bennett raises claims pursuant to 42 U.S.C. § 1983 regarding Judge Fox's handling of his state petition for post-conviction relief. Mr. Bennett has also filed a motion to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant Mr. Bennett leave to proceed *in forma pauperis* and will dismiss his Complaint.

### I. FACTS

In his Complaint, Mr. Bennett alleges that he "is currently serving an illegal sentence on back time from a 1965 conviction." (Compl. at 1.) From attachments Mr. Bennett has provided with his Complaint, it appears that he was convicted in 1965 of second degree murder, robbery, and conspiracy, and was "sentenced to consecutive sentences of 10 to 20 years, 10 to 20 years, and 1 to 2 years respectively." (*Id.* at 9.)

Mr. Bennett alleges that on May 22, 2017, he filed a state petition for a writ of habeas corpus, but that he did not mail it with a proof of service. (*Id.* at 2.) Consequently, his petition "was not acknowledged as being received until June of 2017." (*Id.*) Mr. Bennett claims that a

clerk with the initials D.S. returned his petition for various reasons to discourage him from filing it. (*Id.*) Eventually, the clerk signed the praecipe allowing Mr. Bennett's petition to proceed. (*Id.*)

On November 27, 2017, Judge Fox granted Mr. Bennett leave to proceed *in forma pauperis*. (*Id.* at 2, 5.) Subsequently, by Order entered on December 13, 2017, Judge Fox vacated the November 27, 2017 Order, noting that it had been entered in error. (*Id.* at 2, 6.) Judge Fox ordered that the matter be transferred from the civil trial division to the criminal trial division. (*Id.* at 6.) According to Mr. Bennett, "[t]he supposed error was corrected by denying [him] access to the court." (*Id.* at 2.) He claims that his incarceration is illegal and has been "for some time" and that his "release is imminent." (*Id.*) As relief, Mr. Bennett seeks a declaratory judgment that Judge Fox violated his rights and "$400 for each day it takes to correct the damage the defendant has placed in his being released from this illegal confinement." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Mr. Bennett leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Mr. Bennett's Complaint. That statute requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked

---

[1] However, as Mr. Bennett is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As Mr. Bennett is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Wrongful Conviction Claims

Throughout his Complaint, Mr. Bennett asserts that his incarceration is illegal. To the extent that he seeks to challenge his convictions and sentences, Mr. Bennett's claims are not cognizable in this action. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Therefore, to the extent Mr. Bennett seeks to challenge his convictions and sentences, he may not do so in this § 1983 action because they have not been invalidated.

**B. Claims Against Judge Fox**

As noted above, Mr. Bennett contends that Judge Fox violated his right to access the courts under the First Amendment by vacating his November 27, 2017 order granting Mr. Bennett leave to proceed *in forma pauperis* in his post-conviction proceedings. (Compl. at 2.) Judges, however, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As it is apparent that Mr. Bennett is suing Judge Fox based on the manner in which she ruled upon his request to proceed *in forma pauperis* in his post-conviction proceedings, his claims against Judge Fox are barred by judicial immunity. *See Spuck v. Fredric*, 415 F. App'x 358, 359 (3d Cir. 2011) (per curiam) (judicial immunity barred prisoner's § 1983 claim against state judge presiding over post-conviction relief proceeding); *Vasquez v. Dwyer*, 377 F. App'x 225, 226-27 (3d Cir. 2010) (per curiam) (concluding same).[2]

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss Mr. Bennett's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that Mr. Bennett raises claims challenging his convictions and sentences, those claims will be dismissed without prejudice to Mr. Bennett's right to reassert those claims in a new lawsuit in the event that his convictions and sentences are invalidated in the future. Mr. Bennett will not be provided leave to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State*

---

[2] Moreover, to the extent Mr. Bennett's request for a declaratory judgment is not barred by judicial immunity, there is no basis for issuing a declaratory judgment here, as "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam).

*Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**